THE GEORGIA SOUTHERN AND FLORIDA RAILROAD CO., *et al. v.* HARVEY, trustee ; and the same *v.* MATHEWS.

The act of the legislature of December 17th, 1888, authorizing the city of Macon to grant to the railroad company a permanent encroachment on Fifth street, in that city, of eighty feet or less, adjoining lots Nos. 1 and 8 in block 57, and extending from Plum to Pine street, in front of and adjoining lands now owned by the railroad company on Fifth street, was not intended to authorize the closing of a public alley running between lots 1 and 8 into Fifth street, nor the closing of Fifth street at the mouth of the alley.

(*a*) The evidence showing special damage to the plaintiffs, the grant of an injunction was not erroneous.

February 10, 1890.

Injunction.   Railroads.   Municipal   corporations.
Statutes.   Streets.   Alleys.   Easements.   The Harvey
case before Judge BOYNTON.   The Mathews case before
Judge GOBER.   Bibb superior   court.   November   term,
1889.

Petitions for injunction, relief, etc.   Petitioners own
houses (one a storehouse) and lots in Macon on Fourth
and Pine streets and the twenty-foot alley referred to
in the decision, and this alley is the direct avenue to
their property from Fifth street.   Evidence tending to
show the damages to the property from the closing of
the alley, was introduced.   The court ordered that the
closing or obstructing of the alley be enjoined as prayed,
but that the defendants be not prohibited from con-
structing railroad tracks on the encroachment allowed
them in Fifth street, or across the alley, provided good
and practical crossings be made so that persons and
vehicles could safely and conveniently pass over the
same and along the alley, as a public highway, from
Fourth to Fifth street.   Defendants excepted.   See the
decision for the other facts.

GUSTIN, GUERRY & HALL, for plaintiffs in error.
F. J. M. DALY, contra.

SIMMONS, Justice.

These two cases, involving the same principle, were
argued together.   The railroad company purchased lots
numbers 1 and 8, and numbers 2 and 7, in block 57, in
the city of Macon, for the purpose of erecting a freight
and passenger depot thereon.   Between these two lots
(1 and 8) is a public alley or street twenty feet wide,
running from Fourth to Fifth street.   The legislature
passed an act, approved December 17th, 1888 (Acts of
1888, page 140), authorizing and empowering the Mayor
and Council of Macon to grant to the railroad company
a permanent encroachment eighty feet wide and four

hundred and sixty-five feet long on Fifth street; and the question in this case is, whether that act authorized the mayor and council to grant to the railroad company the power and authority to vacate or close up this twenty-foot alley one half the length thereof, and Fifth street in front of the alley. The act of December 17th, 1888, authorizes and empowers the mayor and council to grant to the railroad company " a permanent encroachment on and out of Fifth street, in the city of Macon, of 80 feet or less, adjoining lots numbers 1 and 8 in block 57, and extending from Plum to Pine street in front of and adjoining lands now owned by said railroad company on said Fifth street, upon such terms and conditions as may be prescribed by the Mayor and Council of the City of Macon." Under this act the railroad company contends that the mayor and council had the right and power to grant it an encroachment, not only in front of its property, but in front of the mouth of this alley, and that said mayor and council by their deed, in accordance with said act, did grant to it an encroachment, not only in front of and adjoining its property on Fifth street, but in front of the alley, and thereby authorized it to close up said alley. It was conceded in the argument before us that unless the act of the legislature authorized the mayor and council to allow the alley to be closed up, they had no power or authority to contract with the railroad company to have said alley closed; so the question depends upon the construction to be given to that act.

Judge Dillon, in his work on municipal corporations, vol. 2, §657, says: " Statutes legitimating acts and obstructions upon the highways which would otherwise be nuisances, are strictly construed and must be closely pursued, and the authority given must be exercised with proper care." The act under consideration is one authorizing obstructions to be placed in a public street or

highway, and under this authority it must be construed strictly. It will be observed that the act is entirely silent as to the encroachment in front of this alley. It is not alluded to in any part of the act, but the act simply gives the mayor and council authority to grant a permanent encroachment 80 feet wide adjoining lots numbers 1 and 8 in block 57, and extending from Plum to Pine street, *in front of and adjoining* the lands now owned by said railroad company. It therefore restricts the power of the mayor and council to grant any encroachment except in front of and adjoining the property already owned by the railroad company. It does not authorize them to grant an encroachment in front of this public alley or street. If it had been the intention of the legislature to have granted this power, it would have been easy to have inserted it in the act. The legislature is presumed to have had knowledge of the locality of the streets and alleys which it was authorizing the mayor and council to sell or to give away. Certainly the members of the legislature from that county had this knowledge. If it had been intended to grant the mayor and council power to vacate or close this alley, it certainly would have been expressed in the act. The omission of it, in the act carries with it a strong conviction that this extraordinary power was not intended to be given. The act gives to the mayor and council the power to authorize the obstructing and closing up of one half of Fifth street in front of and adjoining the property of the railroad. This, to say the least of it, was a generous grant on the part of the legislature to a private corporation, and doubtless the legislature would have hesitated before it included in the grant the power to close up entirely a public street, which had existed since the town was laid out in 1822, for the benefit of a private corporation, without the consent of the owners of property abutting thereon.

We are strengthened in this view by the proviso to the second section of the act. That proviso declares that the railroad company shall pay to the owners of property along Fifth street any damages which their property may sustain by reason of the use and occupation of said street by said company. If it had been the intention of the legislature to grant the power to close up this alley, doubtless the same provision as to payment of damages would have been incorporated in the act. Nothing being said in the act about granting the encroachment in front of this alley, and no provision being made for the payment of damages to owners of property along said alley, as was done as regards property owners along Fifth street, we are satisfied that the legislature did not intend to grant to the mayor and council authority to allow this alley to be vacated or closed up by the railroad company.

The evidence in the record in both cases showing special damage to the plaintiffs in the court below, the trial judge committed no error in granting the injunctions; so the judgment is affirmed in both cases.

*Judgment affirmed*